Alvin Hawkins, J.,
delivered the opinion of the Court.
On the 24th of February, 1866, the complainant filed a bill in the Chancery Court at Kipley, against David P. Steele, alleging that about the 5th of December, 1859, the intestate Palmer, sold to defendant three town lots in Kipley, at the price of $1,261, for the payment of which defendant executed his three notes — one for $450, due January 1st, 1859; one for $420, due January 1st, 1862, and the other for $421, due January 1st, 1863— that said notes, with the exception of $180, remain due and unpaid; that the intestate executed to the purchaser a bond for title; that defendant has no personal property sufficient to pay the same. Complainant prays that said lots, or so much thereof as may be necessary, be sold, and the proceeds applied to the payment of said notes, and for general relief.
To this bill the defendants filed a demurrer. Thereupon complainant asked and obtained leave to file an amended bill, making the widow and heirs of the intestate parties. A portion of the defendants answered.
Defendant, Steele, admits the allegations in the bill, but says: “In case complainant asks any decree over against this defendant, for any balance that may be due oyer and above the proceeds of the sale of said lots of *575 land, then the defendant insists that he be compelled to deraign titles to said lots of land, which defendant does not know whether he can do or not.”
At the August Term, 1867, the cause was heard, when a reference was made to the Master, to ascertain the amount due upon the notes. The Master reported the balance due at $1,437.69, which report being confirmed, the Master was directed to sell said lots at public auction, on a credit of eight months; to make report, etc. From this decree the defendant prayed an appeal to this Court, which was granted, upon condition that he give bond, with surety, according to law, within sixty days from the date of the decree. The bond is conditioned for the payment of costs-and damages, and is in the sum of $250. The decree ordering the sale was affirmed by this Court. The lots were sold. The purchase money has been paid, leaving a balance due complainant.
Complainant now moves the Court for a decree against the defendant, Steele, and his surety for the appeal, for the balance of the original purchase money remaining due. JSTo such relief was sought by the bill. The only relief sought, was, that the land be sold, and the proceeds applied to the payment of the purchase money. That has been done, and the object of the bill has been accomplished. A final decree between the parties has been pronounced at a former term of this Court, and title vested in the purchaser' at the Master’s sale. In this state of the case, this Court has no power to grant the relief now asked for, and the motion must be refused.